**UNITED STATES of America,**
**Plaintiff–Appellee**

**v.**

**Joyce Lee HICKMAN, a/k/a Joyce**
**Saunders, Defendant–**
**Appellant.**

**Nos. 03–20839, 03–20840**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 21, 2005.

James Lee Turner, Assistant U.S. Attorney, Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Brent Evan Newton, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before JOLLY, DAVIS, and JONES, Circuit Judges.

PER CURIAM: *

In our previous opinion in this case, we affirmed Defendant–Appellant Hickman's conviction and sentence. *See United States v. Hickman,* 374 F.3d 275 (5th Cir. 2004). Following our judgment, Hickman filed a petition for certiorari, in which she challenged for the first time the constitutionality of the Sentencing Guidelines as applied to her. The Supreme Court granted Hickman's petition for certiorari, vacated our judgment, and remanded the case to this court for further consideration in light of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We now reconsider the matter in light of *Booker* and decide to reinstate our previous judgment affirming Hickman's conviction and sentence.

Because Hickman did not raise any *Booker*-related challenges to her sentence until her petition for certiorari, we will not review her claim absent extraordinary circumstances. *United States v. Taylor,* 409 F.3d 675, 676 (5th Cir.2005). Our cases make it clear that an argument not raised in appellant's original brief as required by FED. R.APP. P. 28 is waived.[2] Appellant argues that based on remarks made by the trial judge at sentencing, she can satisfy the plain-error test discussed in *United States v. Mares,* 402 F.3d 511, 520–22 (5th Cir.2005). Even if appellant can satisfy the plain error test, she has not met the even more exacting test required to show the presence of extraordinary circumstances, which requires appellant to show a "possibility of injustice so grave as to warrant disregard of usual procedural rules." *McGee v. Estelle,* 722 F.2d 1206, 1213 (5th Cir.1984) (footnote omitted). For the reasons stated above, our prior

---

\* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**2.** *See Procter & Gamble Co. v. Amway Corp.,* 376 F.3d 496, 499 (5th Cir.2004)(party waived argument not included in original brief to panel); *Yohey v. Collins,* 985 F.2d 222, 225 (5th Cir.1993). *See also* 16A C.

WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3974.1 at 501 (1999)(issues not raised in appellant's initial brief normally will not be considered by the court); FED. R.APP. P. 28(a)(9)(A) which states that an appellant's brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."

disposition remains in effect, and we RE-INSTATE OUR EARLIER JUDGMENT affirming Hickman's conviction and sentence.

